NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4548-15T1

JOHN WALTERS,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

 Respondent-Respondent.

 Submitted July 12, 2017 – Decided July 26, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Board of Trustees, Public
 Employees' Retirement System, PERS No.
 2-10-290504.

 Margolis Edelstein, attorneys for appellant
 (Michael R. Miller, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; George E. Loeser, Deputy Attorney
 General, on the brief).

PER CURIAM

 Petitioner John Walters appeals from a May 3, 2016 decision

of the Board of Trustees (Board) of the Public Employees'
Retirement System (PERS). The Board adopted an Initial Decision

issued by Administrative Law Judge (ALJ) Edward J. Delanoy, Jr.,

recommending that the Board deny petitioner's application for

accidental disability retirement benefits because he failed to

prove that the event that caused his injuries occurred during and

as a result of his regular or assigned duties. Having reviewed

the record, we find the Board's decision is supported by

substantial credible evidence. R. 2:11-3(e)(1)(D). We affirm

substantially for the reasons stated by ALJ Delanoy in his

thoughtful written opinion.

 The facts are essentially undisputed and are succinctly

summarized in the ALJ's Initial Decision as follows:

 [Petitioner] was employed by the New
 Jersey Department of Corrections for fifteen
 years as a Senior Corrections Officer. On
 January 5, 2014, he was so employed at the
 Edna Mahon Correctional Facility for Wom[e]n
 ("Facility"), but this was a day off for
 petitioner. He was contacted by his superiors
 and asked if he wanted to work overtime. He
 accepted the offer to work on the 10:00 p.m.
 to 6:00 a.m. shift.

 On the night in question, [petitioner]
 put on his uniform, traveled to work and
 arrived at the Facility at approximately 9:40
 a.m. He arrived early because the weather was
 bad, and because he wanted to allow himself
 the extra time to fill out required overtime
 paperwork and get to his post. In order to
 get to his parking area, [petitioner] was
 required to stop at a security gate manned by
 an armed guard. [Petitioner] produced his

 2 A-4548-15T1
 identification card and proceeded to the
 parking area. The security gate closed behind
 him. Once beyond the security gate,
 [petitioner] was expected to report
 immediately to any emergency code that might
 thereafter occur, even though he was not yet
 at this post. Because he was on overtime,
 [petitioner] could not proceed directly to his
 post as he would normally do. Instead,
 [petitioner] was required to report to
 Thompson Hall to fill out overtime paperwork
 before he could report to his post and begin
 his shift.

 [Petitioner] parked his car and opened
 his driver's side door to exit. [Petitioner]
 took one step, slipped on some ice, and fell
 to the ground. [Petitioner] was transferred
 to the hospital by ambulance, and never made
 it to his post that evening. Petitioner was
 not undertaking any of his normal duties of a
 corrections officer when he fell. A
 Department of Corrections Investigative
 Report set forth that the incident occurred
 prior to third shift. [] [Petitioner] began
 to be paid only after his shift began at 10:00
 p.m., and was not paid for the preliminary
 duties he performed prior to the official
 start of his shift.

 In his legal analysis, the ALJ noted that, pursuant to

N.J.S.A. 43:15A-43, a member of the PERS may be retired on an

accidental disability pension if the member "is permanently and

totally disabled as a direct result of a traumatic event occurring

during and as a result of the performance of his regular or

assigned duties[.]" In Richardson v. Board of Trustees, Police &

Firemen's Retirement System, 192 N.J. 189, 212-13 (2007), the

Supreme Court held that in order to qualify for accidental

 3 A-4548-15T1
disability retirement benefits, a member of the retirement system

must establish:

 1. that he is permanently and totally
 disabled;

 2. as a direct result of a traumatic event
 that is

 a. identifiable as to time and
 place,

 b. undesigned and unexpected, and

 c. caused by a circumstance external
 to the member (not the result of
 pre-existing disease that is
 aggravated or accelerated by the
 work);

 3. that the traumatic event occurred during
 and as a result of the member's regular or
 assigned duties;

 4. that the disability was not the result of
 the member's willful negligence; and

 5. that the member is mentally or physically
 incapacitated from performing his usual or any
 other duty.

 The ALJ determined petitioner was still in the process of

commuting at the time of his accident. Citing Kasper v. Board of

Trustees, Teachers' Pension & Annuity Fund, 164 N.J. 564 (2000),

the ALJ concluded that "[petitioner] had done nothing more than

park his vehicle, and he was not engaged in his regular or assigned

duties, nor was he actively preparing for his regular or assigned

duties. Thus, the injury was not causally connected to his work."

 4 A-4548-15T1
 The Board adopted the ALJ's decision and denied petitioner's

application for accidental disability retirement benefits. This

appeal followed.

 The standard of review that applies in an appeal from a state

agency decision is well established. "Judicial review of an

agency's final decision is generally limited to a determination

of whether the decision is arbitrary, capricious, or unreasonable

or lacks fair support in the record." Caminiti v. Bd. of Trs.,

431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of

Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). In

reviewing an administrative decision, we ordinarily recognize the

agency's expertise in its particular field. Ibid. We are not

bound by an agency's statutory interpretation or other legal

determinations. Russo v. Bd. of Trs., Police & Firemen's Ret.

Sys., 206 N.J. 14, 27 (2011).

 After reviewing the record in light of the applicable standard

of review, we find no basis to disturb the Board's decision. See

Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22,

25 (1995). On appeal, petitioner argues that the Board erred in

disqualifying him on the sole basis that the event that led to his

injuries did not occur as a result of his regular or assigned

duties. We disagree. Petitioner's appellate contentions are

 5 A-4548-15T1
without sufficient merit to warrant further discussion. R. 2:11-

3(e)(1)(E).

 Affirmed.

 6 A-4548-15T1